IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PHILIP CARDAN,<br><br>Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY,<br><br>Defendant. | CV 16–102–M–DLC<br><br>ORDER |

Before the Court are the following ripe motions: (1) Plaintiff Philip Cardan's ("Cardan") motion to remand; and (2) Defendant New York Life Insurance Company's ("New York Life") motion to dismiss. For the reasons explained below, the Court denies Cardan's motion to remand, and grants New York Life's motion to dismiss Count IV of the Complaint.

**FACTUAL AND PROCEDURAL BACKGROUND**

Cardan purchased disability insurance in 1991 through the American College of Surgeons Insurance Program. The insurance provided that in the event Cardan became disabled before the age of 50, he would receive $6,000 per month in disability benefits. In 1995, this benefit was increased to $8,000 per month. In 1997, the coverage provider was switched to New York Life.

In November 2000, at the age of 49, Cardan became disabled. After the 90-

day waiting period under the plan, Cardan began receiving $8,000 per month in disability benefits from New York Life. Cardan alleges that at various times since 2001, New York Life sent him letters confirming that he would continue to receive $8,000 per month, with a benefit reduction of 50% at age 65.

On February 18, 2016, Cardan received a letter from New York Life informing him that once he reached age 65, on March 1, 2016, his disability benefits would terminate. New York Life terminated his coverage as of February 29, 2016, and Cardan has not received any disability benefits since that time.

On June 17, 2016, Cardan filed suit against New York Life in the Montana Eleventh Judicial District Court alleging breach of contract, statutory violations, negligence, and consumer protection act violations. (Doc. 6.) Cardan sought declaratory relief and damages.

New York Life removed this case to federal court on August 9, 2016, citing this Court's diversity jurisdiction as the basis for removal. (Doc. 1.) On August 12, 2016, New York Life moved to dismiss Count IV (alleged violations of the Montana Consumer Protection Act) of Cardan's Complaint for failure to state a claim upon which relief can be granted. (Doc. 2.) On September 1, 2016, Plaintiff moved to remand the case, claiming that the litigation involves important issues of state insurance regulation and the Court should exercise its discretion to abstain from hearing the matter and remand to state court. (Doc. 8.) Plaintiff asserts that

Montana state courts have a greater interest in regulating the conduct of insurers within its borders. New York Life responds that it has met its burden of showing diversity jurisdiction exists, that federal courts have authority to issue declaratory judgments, and federal courts routinely hear cases in which insurance coverage is the subject of a declaratory judgment request and, in so doing, interpret and apply state law. (Doc. 11.)

## LEGAL STANDARDS

A defendant may remove an action from state court only if the action could have been brought in the federal district court originally. 28 U.S.C. § 1441(a); *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 641 (9th Cir. 1989). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citations and internal quotation marks omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979)).

Federal district courts have original jurisdiction in all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.

3

28 U.S.C. § 1332. More specifically, declaratory judgment actions regarding insurance matters may be removed to federal court on the basis of diversity jurisdiction. *Countrywide Home Loans, Inc. v. Mortgage Guaranty Ins. Corp.*, 642 F.3d 849, 852 (9th Cir.2011); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). "Where a district court is presented with a claim [removed from state court], it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

The Ninth Circuit expanded upon the holding in *Brillhart* and enumerated the following factors that a district court should consider when determining if remand is proper: (1) whether the state court could provide a full resolution of all the issues; (2) whether proceeding in federal court would result in an unnecessary federal determination of state law; (3) whether the case raises unresolved issues of state law better decided in a state trial court from which an appeal would go to a state appellate court; (4) whether retention of the action in federal court would encourage forum shopping; (5) whether one court is more convenient to the parties; and (6) whether removing the case from state court gives rise to comity concerns such that proceeding in federal court should be avoided. *Dizol*, 133 F.3d

at 1225–1226. Nonetheless, "a district court cannot decline to entertain such an action as a matter of whim or personal disinclination." *Id*. at 1223 (citations omitted).

Either by motion or on its own, a court should dismiss an action for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure if it determines it does not have "power to hear the case." *Morrison v. Natl. Australia Bank. Ltd.*, 561 U.S. 247, 254 (2010) (citations omitted). Where the attack on a plaintiff's jurisdictional averments is "facial," i.e. the movant "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction," a district court reviews the motion as it would a motion to dismiss for failure to state a claim. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citations and internal quotation marks omitted).

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts generally limit their considerations under this standard to the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–559 (2007). Those allegations are accepted as true and viewed in a light most favorable to the plaintiff. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

ANALYSIS

Before turning to the merits of New York Life's motions to dismiss, the Court must first determine if the case should be remanded.

I.  **Cardan's Motion to Remand.**

With *Brillhart* and *Dizol* in mind the Court determines that this case will not be remanded to Montana state court. Cardan argues that under *Thibodaux* and *Burford*, the Court should exercise its discretion to decline jurisdiction over claims that impact state court issues. *See Louisiana Power & Light Co. V. City of Thibodaux*, 360 U.S. 25, 30 (1959); *Burford v. Sun Oil Co.*, 319 U.S. 315, 317–318 (1943). New York Life counters, arguing that *Brillhart* is precedent and the *Brillhart* factors do not support remand.

The Court agrees that *Brillhart* is binding precedent on the issue. Consequently, this Court will weigh each *Brillhart* factor. The first factor justifies proceeding in federal court, because a state court declaratory judgment would render relief essentially identical to a federal court declaratory judgment. The second factor weighs in favor of keeping the case in federal court, because this Court is given discretion under diversity jurisdiction to interpret insurance policy language under established principles of Montana law. The third factor does not apply, because Cardan has presented no evidence that this case turns on some

novel issue of Montana insurance law yet to be addressed by the state courts.[1]

The fourth factor weighs in favor of keeping the case in federal court, because allowing defendants the opportunity to remove to federal court under diversity jurisdiction is assured by the constitution. As long as the removal is proper, as it is here, the Court will not decline jurisdiction based on what is often stigmatized as "forum shopping." The fifth factor is neutral, because both the state court and the federal court are located in Western Montana and are readily accessible to the parties. The sixth factor also weighs against remand, because it is not an imposition on state sovereignty for a federal court to resolve issues of Montana insurance law under diversity jurisdiction.

Taken together, the relevant factors weigh against exercising this Court's discretion to remand this declaratory judgment action.

## II. New York Life's Motion to Dismiss Count IV.

New York Life moves to dismiss Count IV of Cardan's Complaint which alleges a violation of the Montana Consumer Protection Act ("MCPA"). Cardan alleges under the MCPA that New York Life's practices were likely to mislead the average consumer and were unfair and deceptive. (Doc. 6 at 7–8.) Cardan further

---

[1] The Court understands that the issue of whether Montana law allows private actions against insurers under the Montana Consumer Protection Act and the Montana Unfair Trade Practices Act is contested by the parties. However, this Court's findings under subsection II., regarding the motion to dismiss, explain that the issue is resolved under Montana law. Thus, a Montana state court would come to the same conclusion.

7

contends that the conduct he refers to "occurred prior to and outside of the claims handling process." (*Id.*)  As such, Cardan argues it is not preempted by the Montana Unfair Trade Practices Act ("MUTPA").  (Doc. 6 at 8.)

Under the MCPA, it is well-settled in Montana that private rights of action against insurers are expressly exempted from the MCPA.  Mont. Code Ann. § 30-14-105(1) (2015) ("This part does not apply to actions or transactions permitted under laws administered by the Montana public service commission or *the state auditor*"); *Britton v. Farmers Ins. Group*, 721 P.2d 303, 323–324 (Mont. 1986) ("[T]he provisions of the Unfair Trade Practices and Consumer Protection Act, as relied on by [the insured] may not be applied with respect to insurance company practices, and [the insured] must be confined to such relief as may arise out of the insurance code for unfair claims settlement practices.").  Thus, under the Montana Code Annotated, there is a clear separation between the MCPA and the regulation of insurance.  Cardan's claim is invalid under the MCPA.

Because New York Life has not moved to dismiss Count II of the Complaint, which asserts a claim under the MUTPA, the Court will not address the merits of that claim at this time, except to point out that Cardan has conceded that New York Life's unfair and deceptive practices occurred before Cardan filed his initial insurance claim.  The MUTPA allows a private right of action only for violations that occur once a claim has been filed.  *Thomas v. Nw. Nat. Ins. Co.*,

973 P.2d 804, 809 (Mont. 1998) ("the [MUTPA] addresses the relationship between an insured and an insurance company once a claim has been filed," and not causes of action that "pertain to events that occurred prior to the handling of the claim."); *Williams v. Union Fid. Life Ins. Co.*, 123 P.3d 213, 225 (Mont. 2005). This calls into question the viability of Count II.[2] Nevertheless, in a very recent decision from the Montana Supreme Court, *Mark Ibsen, Inc. v. Caring for Montanans, Inc.*, 371 P.3d 446 (Mont. 2016), the Court found that there was a distinction between pursuing damages for violation of a statute and pursuing an independent common law cause of action. In any event, Count IV is dismissed in its entirety.

Accordingly, IT IS ORDERED that Plaintiff Cardan's motion to remand (Doc. 8) is DENIED.

IT IS FURTHER ORDERED that Defendant New York Life's motion to dismiss Count IV (Doc. 2) is GRANTED.

DATED this 11th day of October, 2016.

_____
Dana L. Christensen, Chief District Judge
United States District Court

---

[2] The Court defers judgment as to Count II of the Complaint, assuming this will be the subject of a future motion and briefing.

9