
FILED
AUG 0 7 2017
Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PHILIP CARDAN,<br><br>Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY; USI ADMINISTRATORS, INC.; CBCA ADMINISTRATORS, INC.; NATIONAL EMPLOYEE BENEFIT COMPANIES, INC.; AmWINS GROUP BENEFITS, INC.; and AmWINS GROUP, INC,<br><br>Defendant. | CV 16–102–M–DLC<br><br>ORDER |

Before the Court is Defendant AmWINS Group Benefits Inc. and AmWINS Group Inc.'s (collectively "AmWINS") Rule 56(d) motion and motion to vacate the current scheduling order deadlines and set a scheduling conference. Plaintiff Philip Cardan ("Cardan") opposes the motion. For the reasons below, the Court grants the motion in part and denies the motion in part.

## BACKGROUND

On June 23, 2016, Cardan filed suit against Defendant New York Life Insurance Company ("New York Life") in the Montana Eleventh Judicial District Court. On August 9, 2016, New York Life removed the litigation to this Court.

Cardan's motion to remand was denied by this Court, and the Court granted New York Life's motion to dismiss Count IV of the Complaint. On January 13, 2017, the Court held a preliminary pretrial conference. The Court's Scheduling Order established deadlines for amending pleadings on May 12, 2017, a discovery deadline of November 28, 2017, and a fully briefed motions deadline on January 26, 2018.

On May 5, 2017, Cardan filed his First Amended Complaint for Damages and Declaratory Relief against New York Life and five additional Defendants, including AmWINS. On May 22, 2017, Cardan filed two separate motions for partial summary judgment against New York Life. On May 23, 2017, AmWINS was served with the First Amended Complaint. AmWINS retained counsel on June 5, 2017. On June 9, 2017, Cardan granted AmWINS an extension of time until July 7, 2017 to file its Answer.

On June 23, 2017, AmWINS' counsel made a written request on all parties for copies of all written discovery that had taken place to date. On June 29, 2017, AmWINS' counsel wrote to Cardan and New York Life's counsel regarding the time constraints it was facing with discovery and serving an appropriate Answer, and requested a stipulation to vacate the current scheduling order. New York Life stipulated to the request. Cardan opposed.

By June 30, 2017, AmWINS received an additional 3,500 pages of discovery. That same day, AmWINS filed the current motion.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 56(d) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence. The Rule states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

F. R. Civ. P. 56(d). Rule 56(d) was previously found under Rule 56(f), and the Ninth Circuit determined that a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (citing *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 n. 4 (5th Cir.1992)).

## DISCUSSION

Here, AmWINS contends that the litigation against it started with the filing of Cardan's First Amended Complaint on May 5, 2017. Cardan then filed his motions for partial summary judgment less than three weeks later on May 22, 2017, and served his First Amended Complaint on AmWINS on May 23, 2017. Although Cardan's motions for partial summary judgment were against New York Life, AmWINS asserts that the motions implicate AmWINS' liability. Thus, AmWINS urges the Court to use its discretion and allow additional time for discovery in order for AmWINS to adequately respond to Cardan's motions for partial summary judgment.

Cardan claims that both his motions for partial summary judgment were only asserted against New York Life, and that AmWINS has no standing to move to vacate the scheduling order because it does not need to respond. Further, Cardan contends that he subpoenaed documents from AmWINS in February 2017 once he learned that AmWINS was New York Life's third party administrator of his policy, and that AmWINS' attorneys have been in communication with his attorneys regarding certain documentation. Therefore, Cardan argues that AmWINS had knowledge of the lawsuit prior to the First Amended Complaint filed in May 2017.

Although AmWINS may have known of the litigation against New York Life, there is no dispute that AmWINS was not party to this litigation until May 5, 2017. AmWINS has not had the opportunity to review any discovery materials. (Doc. 46 at 15.) Consequently, AmWINS cannot be expected to frame a response to a motion for summary judgment with great specificity at this time.

While Cardan's motions for partial summary judgment are only against New York Life, the Court must determine if the motions implicate AmWINS liability and if the Court will need to consider issues of material fact directly related to the claims asserted against AmWINS. The first motion involves Count I, which alleges a breach of contract claim against only New York Life. (Doc. 27.) AmWINS was not a party to any contract with Cardan. Moreover, AmWINS did not mention this first motion for partial summary judgment in its brief. (*See* Doc. 46 at 3–15.) Therefore, AmWINS need not respond to Cardan's first motion for partial summary judgment.

However, Cardan's second motion for partial summary judgment relates to Counts II and III, which allege estoppel and negligence/misrepresentation. (Doc. 24 at 8–10.) Count II is directed only to New York Life, but Count III is directed "against all defendants." (Doc. 24 at 10.) Importantly, Cardan's brief in support of his motion for partial summary judgment has an entire section devoted to the

third party administrator's conduct, and explains the agency relationship between New York Life and AmWINS. (Doc. 30 at 6–8.) Thus, even though the motion is directed to New York Life, AmWINS is an agent of New York Life and its liability may be implicated by the outcome of the Court's ruling on Count III. AmWINS should be given the opportunity to conduct discovery and develop theories of defense relevant to the claims made against it. Therefore, AmWINS will be granted additional time to respond to Cardan's second motion for partial summary judgment, but only with respect to Count III.

The Court's Scheduling Order set deadlines for discovery on November 28, 2017, and motions on January 26, 2018. Trial is set for March 26, 2018. Cardan has filed his motions for partial summary judgment well in advance of the motions deadline. Based upon the fact that Cardan and New York Life have already filed cross motions for summary judgment, they have completed discovery. Further, AmWINS appears to have all the discovery conducted to date. The facts of this case are not complex and there is not a voluminous amount of discovery. Moreover, there is only one count asserted against AmWINS. Thus, the Court will allow AmWINS until the end of the discovery period to review the discovery and respond to Cardan's motion for partial summary judgment on Count III.

Accordingly, IT IS ORDERED that Defendant AmWINS's motion (Doc. 45) is GRANTED IN PART. AmWINS shall have up to and including November 28, 2017, to conduct discovery and file its response to Cardan's motion for partial summary judgment on Count III. The motion is denied with respect to vacating the current scheduling order deadlines and setting a scheduling conference.

DATED this 7th day of August, 2017.

Dana L. Christensen, Chief Judge
United States District Court